## WACHTELL v. GRAUSMAN.

(Supreme Court, Appellate Term, First Department.   December 17, 1914.)

LANDLORD AND TENANT (§ 213*)—BREACH OF COVENANTS—LIABILITY.

Defendant leased an apartment to plaintiff, agreeing that at the end of six months plaintiff should be given a half month's occupancy rent free. Before the expiration of the six months defendant sold the property, and the new landlord, who took with actual knowledge of the terms, continued to receive the rent. *Held* that, as he was bound by the covenant and plaintiff could enforce it, she could not, having paid full rent for the seventh month, recover one-half a month's rent from defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 846–848, 850, 852, 854, 856, 857–860; Dec. Dig. § 213.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Anna Wachtell against Bernard Grausman. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Goldfein & Weltfisch, of New York City, for appellant.

Bernard S. Deutsch, of New York City, for respondent.

LEHMAN, J.   In December, 1913, the plaintiff hired an apartment from defendant at a rental of $23 per month, and the defendant agreed that at the end of six months the plaintiff was to be allowed a half month's occupancy rent free. Thereafter, and before the expiration of the six months, the defendant sold the property. The new landlord took the property with actual knowledge of the terms upon which the plaintiff had hired the property, and the plaintiff was informed that he knew these terms. The plaintiff then continued to pay, and the new landlord continued to receive, the rental; but at the expiration of the six months the landlord refused to allow the plaintiff any free rent. The plaintiff paid the full rent to the new landlord, and then brought suit against the defendant for one-half month's rent.

It seems to me that the plaintiff has, under the circumstances, no right to maintain the action. When the new landlord accepted the premises, it was subject to all the terms of defendant's tenancy. The plaintiff could therefore have compelled him to accept one-half month's rent for the seventh month, and, having preferred to pay the full month's rent, she cannot secure reimbursement from the defendant, who assigned the property and fully protected plaintiff by notice to the purchaser of the terms of her tenancy.

Judgment should be reversed, with costs to appellant, and complaint dismissed. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes